Scott **HOWARD**, as father and next friend of Rachel Howard, a minor, Plaintiff,

v.

**CHERRY HILLS CUTTERS, INC.**
a Colorado corporation, and
Carol Wolf, Defendant.

Civil Action No. 95–K–2164.

United States District Court,
D. Colorado.

Sept. 6, 1996.

2163, 135 L.Ed.2d 590 1996 WL 340809.

William A. Morris, Denver, CO, for Plaintiff.

John P. Craver, White & Steele, P.C., Denver, CO, for Defendant.

## ORDER ON DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

KANE, Senior District Judge.

Rachel Howard is a young girl with a genetic disorder known as *cri du chat*. Symptoms of the disorder include uncontrolled movement and a plaintive cat-like cry.

This action arises out of an incident that occurred when Rachel went to defendant Cherry Hills Cutters (CCC) for a haircut. Plaintiff Scott Howard, Rachel's father, filed suit after learning from Rachel's babysitter that CCC employee Carol Wolf had "grabbed" Rachel and, while Rachel was screaming, forcibly held her head between her knees so her hair could be cut. Howard alleges the treatment left marks on Rachel's face that lasted several hours, and that Rachel suffered behavior changes and emotional and psychological trauma as a result.

Howard claims CCC and Wolf failed to accommodate Rachel and discriminated against her based on her disability in violation of Title III of the Americans With Disabilities Act (the "ADA"), 42 U.S.C. § 12181 *et seq.* Howard also asserts state law claims against Wolf and CCC for intentional infliction of emotional distress and assault and battery. Howard seeks $50,000 in compensatory damages and $50,000 in punitive damages under each of his three theories of relief.

Defendants move for dismissal or for summary judgment. They assert I lack jurisdiction over the ADA claim because Howard has failed to exhaust his administrative remedies. Even if jurisdiction were found to exist, they argue, the ADA claim must be dismissed because compensatory and punitive damages are not available under Title III of the ADA and because Howard has failed to state a *prima facie* case of discrimination. In addition, Wolf argues Howard's ADA claim must be dismissed as to her because Title III does not provide for individual liability. With respect to Howard's state law claims, CCC and Wolf urge me to decline to exercise supplemental jurisdiction. I find Howard has failed to state a claim under the ADA upon which relief can be granted, but dismiss the claim without prejudice.

### DISCUSSION.

Subchapter III of the ADA does not provide for a private cause of action for damages. The subchapter proscribes discrimination in public accommodations and services operated by private entities, 42 U.S.C. § 12182, and provides persons who "[are] being" subjected to discrimination or who have reasonable grounds to believe they "[are] about to be subjected" to discrimination with the remedies and procedures set forth in § 2000a–3 for its enforcement. *Id.* § 12188(a). Section 2000a–3, in turn, subjects those who have engaged or who are about to engage in prohibited discrimination to "a civil action for preventive relief" only. There is no provision in either § 12188 or § 2000a–3 for victims of past discrimination to sue for damages. *See* 42 U.S.C. §§ 12188 and 2000a–3, 28 C.F.R. § 36.501 (governing "Private Suits" under 42 U.S.C. § 12181 *et seq.*). Howard's First Claim for Relief is therefore dismissed for failure to state a claim.

Essentially conceding this point, Howard seeks leave to amend his Complaint to seek injunctive relief under the ADA rather than damages. Pl.'s Resp. Mot. Dismiss or for Summ.J. at 5. Howard is free to

amend his Complaint, but is reminded of the notice requirement set forth in § 2000a–3(c). Where, as here,[1] the alleged act or practice of which an individual complains is prohibited by state or local law, "no civil action may be brought ... before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person." 42 U.S.C. § 2000a–3(c). By making § 2000a–3 applicable to enforcement actions under 42 U.S.C. § 12188, Congress has imposed a state law exhaustion requirement on disabled individuals seeking to enforce their rights under Subchapter III of the ADA.

Accordingly, Plaintiff Scott Howard's First Claim for Relief under the ADA is DISMISSED. Howard's request for leave to amend his Complaint is GRANTED, with the caveat that any claim for injunctive relief under Subchapter III of the ADA must comply with the applicable state law exhaustion requirement set forth in 42 U.S.C. § 2000a–3(c).

I note that in the event the Complaint is not appropriately amended with respect to the federal claim, there will be no basis upon which to support supplemental jurisdiction over the state law claims. A review of the pleadings on file suggests that supplemental jurisdiction may not be appropriate in any event as the state law claims require different and additional proof and therefore tend to predominate. *See generally Gard v. Teletronics Pacing Systems, Inc.,* 859 F.Supp. 1349, 1351–52 (D.Colo.1994).

---

**1.** Colorado Revised Statutes § 24–34–601 prohibits discrimination against the disabled in public accommodations. "Any person" who "den[ies] to any citizen, except for reasons applicable alike to all citizens of every disability ... the full enjoyment of any [public] accommodations" is subject to a penalty of between $50 and $500 and civil liability therefor. Colo.Rev.Stat. § 24–34–602.