Daigle v. Friendly Ice Cream          CV-96-225-SD  02/03/97  P

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


<u>Richard Daigle</u>

<u>      </u>v.                          Civil No. 96-225-SD

<u>Friendly Ice Cream Corp.</u>


O R D E R


This case brought under the Americans with Disabilities Act (ADA) arose from the eviction of plaintiff Richard Daigle from Friendly's Restaurant, allegedly due to his disability.  Before the court is the defendant's motion to dismiss for lack of subject matter jurisdiction.


<u>Facts</u>

Plaintiff claims the following facts.  On May 4, 1993, he was inside the Friendly's Restaurant and had just received a drink when the manager approached him and stated that he was no longer welcome in any Friendly's Restaurant.  The plaintiff voluntarily left.

Some time later, plaintiff received a "No Trespass Notice" from defendant stating:  "You were advised that you were no longer welcome as a customer of any Friendly's Restaurant, and

that any attempt by you to enter a Friendly's Restaurant will be deemed a trespass!" Complaint at 2.

Plaintiff claims that Friendly's denied him services because of his physical disability, corneal abrasion, described by plaintiff as a condition in which the clear part of the eye is no longer in place to protect the nerves of the eye. Plaintiff claims that the defendant's actions are in violation of Title III of the Americans with Disabilities Act. 42 U.S.C. § 12181, et seq.

## Discussion

Friendly's seeks dismissal under Rule 12(b)(6), Fed. R. Civ. P., on the ground that plaintiff failed to comply with the requirements of 42 U.S.C. § 2000a-3(c) (made applicable to the ADA by 42 U.S.C. § 12188(a)(1)), which mandates notice as a precursor to instituting action in federal court under the ADA if the conduct underlying the ADA claim is likewise prohibited by analogous state law.[1] When there are such overlapping state

---

[1]42 U.S.C. § 2000a-3(c) provides:

> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) of this section before the

2

remedies, section 2000a-3(c) forestalls civil action under the ADA until notice of the alleged conduct has been given to the appropriate state authority.

Even though Friendly's labels its motion as one brought under Rule 12(b)(6), section 2000a-3(c)'s notice requirement is jurisdictional. Stearnes v. Baur's Opera House, Inc., 3 F.3d 1142, 1144 (7th Cir. 1993). Friendly's motion is more properly denoted a Rule 12(b)(1) motion for lack of subject matter jurisdiction. "On a Rule 12(b)(1) motion, the court can consider facts beyond those alleged in the complaint and if necessary and appropriate resolve factual disputes." Watkins v. Dave & Buster's, Inc., 1996 WL 596405, at 1 (N.D. Ill. 1996) (citing English v. Lowell, 10 F.3d 434, 437 (7th Cir. 1993)).[2]

Here, plaintiff alleges that Friendly's violated the provision of the ADA that prohibits discrimination on the basis

---

> expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

[2]Defendants object to this court's considering plaintiff's last reply memorandum because under Local Rule 1(a)(4) no reply memorandum is permitted without prior leave of the court. Given the broader scope of the court's inquiry when considering the limits of its subject matter jurisdiction, Crawford v. United States, 796 F.2d 924, 928-29 (7th Cir. 1996), the court may consider arguments not raised in the parties' memoranda. Even if the plaintiff's reply memorandum is not properly before this court, the court may, nonetheless, consider the arguments raised therein on a Rule 12(b)(1) motion.

of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). New Hampshire state law contains a prohibition against discrimination on the basis of disability in public accommodations that is practically identical to the ADA.[3] New Hampshire anti-discrimination law fully and squarely addresses Friendly's alleged conduct. For this reason, plaintiff must have complied with section 2000a-3(c)'s notice requirement to trigger this court's jurisdiction to hear his ADA claim.

Before reaching the merits, this court takes note that the grounds asserted in support of dismissal are extremely technical grounds upon which to deny Daigle his day in court. Courts construing Title VII have noted that, due to Title VII's remedial nature

---

[3]New Hampshire Revised Statutes Annotated (RSA) 354-A:17 provides:

> It shall be an unlawful discriminatory practice for any person . . . because of the . . . physical or mental disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof; or, directly or indirectly, to publish, circulate, issue, display, post or mail any written or printed communication, notice or advertisement to the effect that any of the accommodations . . . of any such place shall be refused, withheld from or denied to any person on account of . . . physical or mental disability . . . .

4

> the congressional purpose would not be furthered by requiring strict adherence to every procedural technicality. . . .
>
> Mindful of the remedial and humanitarian underpinnings of Title VII and of the crucial role played by the private litigant in the statutory scheme, courts . . . have been extremely reluctant to allow procedural technicalities to bar claims brought under the Act.

Aros v. McDonnell Douglas Corp., 348 F. Supp. 661, 663 (C.D. Cal. 1972) (quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460-61 (5th Cir. 1970)). Instead of mandating strict adherence, courts have found the procedural requirements of Title VII met by "substantial compliance." See Aros, supra, 348 F. Supp. at 663; see also Neely v. United States, 285 F.2d 438, 443 (U.S. Ct. Cl. 1961) ("We think this was substantial compliance with the last step in the exhaustion of plaintiff's administrative remedies.") In construing the procedural requirements of the ADA now before this court, it is appropriate to take guidance from the line of precedents interpreting the procedural requirements of Title VII. See Carparts Distrib. Ctr. V. Automotive Wholesaler's Ass'n, 37 F.3d 12, 16 (1st Cir. 1994).

This court finds that plaintiff substantially complied with section 2000a-3(c)'s notice requirement. While Daigle's notice was not perfect in every respect, it was sufficiently conforming to deflect Friendly's motion to dismiss for procedural defect.

Section 2000a-3(c) mandates written notice to the "appropriate state authority." The state authority that

5

administers the New Hampshire anti-discrimination law is the New Hampshire Commission for Human Rights.  Complaints alleging unlawful discrimination are filed with the Commission, which then conducts an investigation and, when appropriate, administers available remedies.  Complaints may be filed by either the aggrieved individual or the New Hampshire Attorney General.

The evidence shows that plaintiff merely called the Commission to complain of Friendly's alleged discrimination, but never sent formal written notice.  Letter from Bill Hagy at New Hampshire Commission for Human Rights, attached to Plaintiff's Motion Requesting Waiver of Written Notice.  However, on September 19, 1994, plaintiff did write to the New Hampshire Attorney General's office seeking that office's intervention against Friendly's.

This court finds that the letter sent to the attorney general constitutes written notice to an "appropriate state authority" in satisfaction of section 2000a-3(c).  Even though the Commission for Human Rights administers the anti-discrimination law, the attorney general is, nonetheless, an "appropriate state authority" under section 2000a-3(c).  The purpose of the notice requirement is to give the state the first opportunity to remedy the alleged discrimination.  Since the attorney general may file a complaint with the Commission on Human Rights, notice to the attorney general gives the state an opportunity to address and remedy alleged violations of the New Hampshire anti-

6

discrimination law.  There is no apparent justification for not treating the attorney general as an "appropriate state authority."

Section 2000a-3(c) further provides for the written notice to be given by registered mail or in person.  Although there is no evidence that Daigle sent the letter to the attorney general's office by registered mail, this fact alone would be an excessively technical ground upon which to turn Daigle away from this court, since the record contains clear and reliable evidence confirming that the letter was in fact received by the attorney general's office.  That evidence is a letter from the attorney general's office acknowledging that Daigle sent that office notice of Friendly's alleged discrimination.  Given the existence of such reliable evidence of the notice, there is no reason to require that Daigle sent the notice by registered mail.

Lastly, Friendly's takes issue with the timeliness of the notice.  There is a statute of limitations built into the New Hampshire anti-discrimination law providing that "[a]ny complaint filed pursuant to this section by an aggrieved person must be filed within 180 days after the alleged act of discrimination." RSA 354-A:21, III.  The incident at the restaurant occurred on May 4, 1993; the letter advising Daigle that he was unwelcome at Friendly's was received on May 6, 1993.  Daigle's notice was not received by the attorney general's office until September 19, 1994, over one year after the incident occurred.  Since the

written notice was received after the 180-day time frame required for the filing of a complaint under the New Hampshire anti-discrimination law, it was, according to Friendly's, ineffectual to satisfy section 2000a-3(c).

However, this argument overlooks the distinction between, on the one hand, filing a complaint under the New Hampshire law and, on the other, sending notice to the "appropriate authority" to satisfy the section 2000a-3(c) prerequisite of an ADA claim. The 180-day statute of limitations only applies to the time within which a complaint may be filed under New Hampshire anti-discrimination law. However, in order to satisfy the prerequisites of an ADA claim contained in section 2000a-3(c), a party is not required to file a complaint or to otherwise pursue action under the applicable state anti-discrimination law. Section 2000a-3(c) only requires that notice be given to the "appropriate authority," and giving notice to state authorities is not the same thing as filing a state law complaint. Notice received by an appropriate state authority after a state law complaint has been time barred still may satisfy section 2000a-3(c) because section 2000a-3(c) does not require any complaint to ever be brought.

Granted, the purpose of the notice requirement is to give the state the first opportunity to address and remedy the situation. This purpose is undermined if notice is received by state authorities after the state law complaint is time barred.

8

Here, however, the evidence conclusively demonstrates that Daigle called the New Hampshire Commission for Human Rights within 180 days from the date of the original incident of alleged discrimination. The New Hampshire authorities were given ample opportunity to address and remedy this alleged discrimination. Under these circumstances, there is no harm in honoring Daigle's written notice to the attorney general, even though it was received after the statute of limitations had run on his state law complaint.

Conclusion

For the above reasons, defendant's motion to dismiss is denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

February 3, 1997

cc:  Richard Daigle, pro se
     Sean M. Dunne, Esq.