**Jack MAYES and Nevadans for Equal Access, Plaintiffs,**

v.

**Robert K. ALLISON, Kenneth R. Carwin, Road Runner Hospitality, individually and dba Best Western Elko Inn Express, Defendants.**

**No. CV–N–97–486–ECR–PHA.**

United States District Court, D. Nevada.

Nov. 17, 1997.

## ORDER

EDWARD C. REED, Jr., District Judge.

*IT IS HEREBY ORDERED THAT* the Court's Order (# 13) of November 12, 1997 is *AMENDED* to read as follows:

Defendants have moved to dismiss this Americans With Disabilities Act ("ADA") action for, in essence, failure to exhaust administrative remedies. Mot. (# 8). Plaintiffs have opposed (# 11) and Defendants have replied (# 12). For the reasons outlined below, the motion to dismiss is *DENIED* and this action is *STAYED* pending Plaintiffs' exhaustion of administrative remedies.

## BACKGROUND

Plaintiff Jack Mayes is mobile only through use of a wheelchair. The individual Defendants own the Best Western Elko Inn Express, a motel in Elko, Nevada. In May 1997 Mr. Mayes allegedly discovered that Defendants had failed to make their property wheelchair accessible as required by the ADA. Plaintiffs therefore sued Defendants in August 1997 under 42 U.S.C. § 12182(b)(2)(A)(iv), but without first seeking redress with the Nevada Equal Rights Commission ("NERC").

Defendants argue that Plaintiffs should have notified NERC thirty days before suing, and that failure to so notify destroys our subject matter jurisdiction; Defendants have accordingly moved to dismiss. Mot. (# 8). Plaintiffs, apparently conceding that they did not notify NERC, argue that no such notification requirement exists. Opp'n at 3(# 11). Defendants' motion to dismiss is now ripe.

## DISCUSSION

The question presented is both narrow and straightforward: must a plaintiff seeking relief under 42 U.S.C. § 12182 provide thirty days' notice to a state anti-discrimination agency before filing suit? Although the issue is hardly arcane, the answer is rather obscure.

### I. Statutory Construction

"Canons of statutory construction dictate that if the language of a statute is clear, we look no further than that language in determining the statute's meaning." *United States v. Lewis,* 67 F.3d 225, 228 (9th Cir. 1995) (citing *Sullivan v. Stroop,* 496 U.S. 478, 482, 110 S.Ct. 2499, 2502–03, 110 L.Ed.2d 438 (1990)). 42 U.S.C. § 12182 is enforced through 42 U.S.C. § 12188(a), which states in pertinent part:

> The remedies and procedures set forth in section 2000a–3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter. . . . Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions.

Section 2000a–3(a) (i.e., 42 U.S.C. § 2000a–3(a)) states in pertinent part that an aggrieved individual may sue for injunctive relief. In addition, 42 U.S.C. § 2000a–3(c) (not expressly adopted by the ADA) requires thirty days' notice to state anti-discrimination authorities.

Because NERC is such an authority, Defendants argue that Plaintiffs should have notified NERC before suing. See Nev.Rev. Stat. § 651.110. Plaintiffs argue in opposition that because the ADA did not expressly in-

corporate section 2000a–3(c), that section does not apply to ADA actions.

In our view, the plain language of the statute supports both sides' interpretations, and the statute is therefore ambiguous. We arrive at this conclusion primarily because the four courts to have addressed the issue are evenly split on its resolution. The District of New Hampshire and the District of Colorado view 42 U.S.C. § 12188(a)(1) as incorporating 42 U.S.C. § 2000a–3(c); indeed, the District of Colorado views all of section 2000a–3 as being incorporated by section 12188. *Daigle v. Friendly Ice Cream Corp.*, 957 F.Supp. 8, 9 (D.N.H.1997); *Howard v. Cherry Hills Cutters, Inc.*, 935 F.Supp. 1148, 1150 (D.Colo.1996). The Northern District of Illinois and the District of Puerto Rico, by contrast, view the express incorporation of only section 2000a–3(a) as proof that other portions of section 2000a–3 are not incorporated. *Bercovitch v. Baldwin School*, 964 F.Supp. 597, 605 (D.P.R.1997); *Soignier v. American Board of Plastic Surgery*, 1996 WL 6553, *1 (N.D.Ill.1996). These are the only courts to have considered the question. Since they have split on its answer, the statutory language can hardly be considered clear.

Secondarily, we note that the Department of Justice's implementing regulation combines the two clearly applicable statutory sections, 42 U.S.C. §§ 12188(a) and 2000a–3(a), but leaves out the notification requirement of section 2000a–3(c), suggesting that the notification requirement is not valid. 28 C.F.R. § 36.501. On the other hand, the DOJ regulation incorporates the attorney's fees statutory section (42 U.S.C. § 2000a–3(b)), which is not expressly cited in the ADA, suggesting that other statutory sections (such as section 2000a–3(c)) might be valid notwithstanding the ADA's failure to expressly incorporate them.

In short, neither the case law nor the implementing regulations provide unambiguous constructions of sections 12188(a)(1) and 2000a–3. Because there are two reasonable interpretations which yield opposite results in this case, we must scrutinize legislative history. *Lewis*, 67 F.3d at 229.

## II. Legislative History

The legislative history is dispositive. We first note that the Senate floor debate, cited by both sides, is inconclusive. Senator Harkin indicated at one point during a colloquy with Senator Bumpers that exhaustion was required before filing suit, and then just moments later, in the same colloquy, stated that exhaustion was only required in employment discrimination cases. 135 Cong. Rec. § 10734–02, § 10759–10760 (daily ed. Sept. 7, 1989). Senator Bumpers' attempt to clarify the issue was unsuccessful.

By contrast, the more important legislative history, that contained in the "Joint Explanatory Statement of the Committee of Conference," demonstrates an intent to adopt the entirety of 42 U.S.C. § 2000a as the ADA's enforcement mechanism. H.R. Conf. Rep. No. 101–596, at 80 (1990), *reprinted in* 1990 U.S.C.C.A.N. 565, 589. Specifically, the House amendment ultimately adopted by Congress "specifies that the remedies and procedures of Title II of the 1964 Civil Rights Act" shall be the remedies and procedures for enforcement of 42 U.S.C. § 12182. This implies that Congress intended for *all* of Title II of the 1964 Civil Rights Act (i.e., 42 U.S.C. § 2000a), and not just one subsection, to apply to such enforcement actions. There is nothing to the contrary in the rest of the legislative history.

## III. Application

In keeping with legislative intent, we conclude that all of section 2000a–3 applies to actions brought to enforce 42 U.S.C. § 12182. Consequently, we hold that 42 U.S.C. § 2000a–3(c) applies in this case, and that Plaintiffs should have notified NERC, and given it thirty days to respond, before filing the present action.

Plaintiffs' omission does not mandate dismissal, though. This is because section 2000a–3(c) by its own terms permits a court to "stay proceedings ... pending the termination of State or local enforcement proceedings." 42 U.S.C. § 2000a–3(c). We construe this clause to mean that a court may also stay proceedings pending initiation of state enforcement proceedings. This is the sensi-

ble thing to do here, since notification may well turn out to be a "futile gesture" within the meaning of section 12188(a)(1). *Cf. Daigle*, 957 F.Supp. at 10 (enforcing the notification requirement but holding that under the circumstances plaintiff had "substantially complied" with it). Plaintiffs shall therefore be required to notify NERC, and we will stay the instant lawsuit until thirty days after Plaintiffs so notify NERC in compliance with section 2000a–3(c)

*IT IS, THEREFORE, HEREBY ORDERED THAT* Defendants' motion to dismiss (# 3) is *DENIED.*

*IT IS FURTHER ORDERED THAT* Plaintiffs shall have 15 days to provide written notice of their allegations to the Nevada Equal Rights Commission by registered mail or in person, in accordance with 42 U.S.C § 2000a–3(c).

*IT IS FURTHER ORDERED THAT* this action is *STAYED* until 45 days after entry of this Order.