OPINION
MOORE, Circuit Judge.
The sole issue presented in this appeal of six consolidated bankruptcy proceedings is the proper interpretation of a recently amended statute, 28 U.S.C. § 1930(a)(6), which requires debtors in Chapter 11 reorganization cases to pay quarterly fees to the U.S. Trustee. The bankruptcy court and the district court held that the amended statute requires the payment of quarterly fees after plan confirmation only in those Chapter 11 cases that are converted or dismissed, but not in cases that ultimately are completed *990 and closed. We conclude otherwise. Although the amendment results in an ambiguous provision, the text and legislative history indicate that Congress intended to extend the fee provision into the post-confirmation period for all Chapter 11 debtors, irrespective of the ultimate disposition of their cases. Accordingly, we REVERSE.
I. FACTS AND PROCEDURAL HISTORY
Seeking to enhance the U.S. Trustee’s revenues, Congress made a seemingly modest amendment in 1996 to the provision that requires Chapter 11 debtors to pay quarterly fees. Prior to its amendment, the pertinent statute provided:
In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until [a plan is confirmed or] the case is converted or dismissed, whichever occurs first.
28 U.S.C. § 1930(a)(6) (brackets added). With an amendment that took effect on January 26,1996, Congress deleted the five words bracketed above. Balanced Budget Downpayment Act, I, Pub.L. No. 104-99, § 211, 110 Stat. 26, 37-38 (1996). In a clarifying amendment enacted on September 30, 1996, Congress provided further that “the fees under 28 U.S.C. [§ ] 1930(a)(6) shall accrue and be payable from and after January 27, 1996, in all cases (including, without limitation, any cases pending as of that date), regardless of confirmation status of their plans.” Omnibus Consolidated Appropriations Act, 1997, Pub.L. No. 104-208, § 109(d), 110 Stat. 3009, 3009-19 (1996).
Each of the eases consolidated in the present appeal involved Chapter 11 plans that had been confirmed and were substantially completed. When the debtors moved to close these cases, the U.S. Trustee objected, arguing that post-confirmation quarterly fees were due under amended § 1930(a)(6). The bankruptcy court denied the U.S. Trustee’s objections, holding that the amended statute requires the payment of post-confirmation quarterly fees only in Chapter 11 cases that are converted or dismissed, not in cases that are completed and closed. The district court affirmed the bankruptcy court’s judgment, and the U.S. Trustee filed a timely appeal to this court. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 158(d).
II. ANALYSIS
A. Standards of Review and of Statutory Interpretation
This appeal involves an issue of statutory interpretation, which, as a question of law, this court reviews de novo. See 255 Park Plaza Assocs. Ltd. Partnership v. Connecticut Gen. Life Ins. Co. (In re 255 Park Plaza Assocs. Ltd. Partnership), 100 F.3d 1214, 1216 (6th Cir.1996). “In all cases of statutory construction, the starting point is the language employed by Congress.” Appleton v. First Nat’l Bank of Ohio, 62 F.3d 791, 801 (6th Cir.1995). Where “the statute’s language is plain, ‘the sole function of the courts is to enforce it according to its terms.’ ” United States v. Ron Pair Enter., Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (quoting Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)). The court must look beyond the language of the statute, however, when the text is ambiguous or when, although the statute is facially clear, a literal interpretation would lead to internal inconsistencies, an absurd result, or an interpretation inconsistent with the intent of Congress. See United States v. Turkette, 452 U.S. 576, 580, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981); Appleton, 62 F.3d at 801.
B. Textual Analysis
As amended, § 1930(a)(6) is ambiguous. The section requires the payment of quarterly fees “in each case under chapter 11 ... until the case is converted or dismissed, whichever occurs first.” As all recognize, however, a Chapter 11 ease is disposed of through conversion, dismissal, or closure.[1] *991 Thus, some term must be implied to yield a coherent provision. We agree with the U.S. Trustee that the text of the amended statute better supports an interpretation in which closure is understood as an implied alternative disposition to conversion or dismissal; in other words, we hold that the amended section requires the payment of quarterly fees in all Chapter 11 cases, both pre- and post-confirmation, until each case is closed, converted, or dismissed.
The U.S. Trustee actually argues that there is no ambiguity in the amended section because a closed case is no longer a “ease under chapter 11.” It is not clear, however, that this apparently self-evident proposition is true. Section 350(a) of the Bankruptcy Code provides that a case shall be closed after it is fully administered, but § 350(b) allows for a case to be reopened in certain circumstances. Thus, it would appear that a closed case under Chapter 11 is simply that, a closed ease under Chapter ll.[2] Moreover, a plain reading of the section does suggest that “until the case is converted or dismissed” qualifies “each case under chapter 11,” and the final phrase of this sentence, “whichever occurs first,” implies that each case subject to the provision will be converted or dismissed. Thus, the grammatical structure supports the debtors’ argument that cases that are ultimately completed and closed are not within the scope of “each case under chapter 11.”
Agreeing with the debtors and finding the omission of the term “closure” critical, the courts below rejected the U.S. Trustee’s arguments and refused to read this alternative disposition into the amended statute. This approach is even harder to square with the language and purpose of the statute, however. Before the statute was amended, quarterly fees were collected from all Chapter 11 cases that survived until confirmation, and the legislative history discussed below indicates that the purpose behind the amendment to § 1930(a)(6) was to increase fee collections. If “each case under chapter 11” is read to include only cases that ultimately are dismissed or converted, as the debtors suggest, however, the statute provides no authority for the collection of any quarterly fees from debtors whose cases ultimately are consummated and closed. That interpretation would eliminate pre-confirmation fees on ultimately successful plans and could very well result in substantially reduced fees overall. Recognizing that such an outcome would be in clear opposition to congressional intent, the district court read into the provision the authority to collect fees in all cases pre-confirmation, but to collect fees post-confirmation only in cases that ultimately are dismissed or converted. This is a plausible interpretation, and it is argued forcefully by the debtors on appeal, but it certainly does not arise from a literal reading of the statute.
The debtors’ argument is, of course, further undermined by the fact that amended § 1930(a)(6) requires the payment of quarterly fees “in each case” not “in each unconsummated case.” See CF & I Fabricators, 150 F.3d at 1236 (citing In re A.H. Robins, 219 B.R. at 149). More important, because Congress made no provision for refunding overcharged fees or for deferring fee payments, the debtors’ interpretation would produce an internally inconsistent statute or, at the least, would create additional ambiguity. Section 1930(a)(6) provides for the collection of fees from Chapter 11 debtors at the end of the month following the quarter for which fees are owed. The debtors’ interpretation would cause the collection of quarterly fees in all cases up until confirmation, but posteon- *992 firmation these fees would be assessed only in cases that ultimately are converted or dismissed. Entering the post-confirmation period, however, we cannot know which confirmed plans will succeed and which will be converted or dismissed. Therefore, to implement the system envisioned by the debtors, fees either would have to be collected in all cases each quarter and refunded to the debtors whose cases ultimately succeed and are closed, or the fees would have to be held in abeyance in all cases until the ultimate outcomes are determined. The U.S. Trustee’s reading creates no such difficulties. Under the U.S. Trustee’s interpretation, fees would be collected in each case, as they are collected currently, until the case is closed, dismissed, or converted. The fact that Congress did not revise the collection mechanism to account for the uncertainty surrounding the ultimate disposition of post-confirmation cases argues strongly against the debtors’ interpretation.[3]
C. The Legislative History
Although the legislative history pertaining to the 1996 amendment is not extensive, that history does indicate that Congress was intent on raising additional revenue. Moreover, the various reports demonstrate that Congress was less than careful in its use of the terms of art that apply to the disposition of Chapter 11 cases. Both points favor the U.S. Trustee’s interpretation of the amended section.
The House and Senate Reports recognize that a decline in Chapter 11 filings would reduce U.S. Trustee revenues while the existing caseload would entail ongoing expense, and the reports espouse an intention to augment revenues by extending quarterly fee collection into the post-confirmation period. See H.R.Rep. No. 104-196, at 16 (1995); S. Rep. No. 104-139, at 15 (1995). Because no quarterly fees were collected post-confirmation prior to the amendment, it is true that either interpretation of amended § 1930(a)(6) would produce additional revenue. By assessing fees on all plans post-confirmation, however, the U.S. Trustee’s reading would generate more revenue than would the debtors’ reading, and, as noted above, the debtors’ interpretation would entail deferring post-confirmation fee payments or the creation of a tracking and repayment mechanism, neither of which is revenue positive. Thus, this factor favors the interpretation offered by the U.S. Trustee.
The legislative history also undermines the substantial reliance of the debtors and the lower courts on Congress’s use of the terms “converted” and “dismissed” and Congress’s omission of the term “closed” in amended § 1930(a)(6). The district court stated that “[t]he terms ‘conversion,’ ‘dismissal,’ and ‘closing’ ... are each specifically addressed in the Bankruptcy Code. Congress is familiar with these terms, and is thus presumed to have legislated with the specific distinctions in mind.” J.A. at 119 (citations omitted). This presumption is rebutted in this instance, however, by the inconsistent use of these terms of art in the legislative history. A fair reading of the pertinent congressional reports, moreover, indicates that Congress did not intend to discriminate between successful and unsuccessful plans in extracting quarterly fees post-confirmation.
In very brief statements describing the effects of the amended section, the House Report twice echoed the “converted or dismissed” language employed in amended § 1930(a)(6). See H.R. Rep. No. 104-196, at 47, 137. The lengthiest discussion of the amendment, however, contained the following statements:
The Committee recommendation includes an extension of the quarterly fee payments made under Chapter 11 to include the period after a reorganization plan has been confirmed by the Bankruptcy Court until the case has been dismissed (ie., the post-confirmation period). Presently, quarterly fees are collected only until the plan of reorganization in the ease is confirmed by the court.
*993 Id. at 16 (emphasis added). Here, the “converted or” language is absent. More important, in equating “the post-confirmation period” with “until the case has been dismissed,” it appears that the author is using the term “dismissed” not in the technical sense in which the term is used in the Code but as a substitute for “disposed of.” The implication of the passage is that fees are to be assessed post-confirmation in all Chapter 11 cases. There is certainly no indication of an intent to distinguish between ultimately successful and unsuccessful cases.
The other legislative reports add little clarification. The Senate Report simply adopts in abbreviated form the statements of the House Report, echoing the use of “converted or dismissed” at one point and “dismissed” at another. See S. Rep. No. 104-139, at 15, 47. Similarly, the House Conference Report at one point merely repeats the passage in the House and Senate Reports that uses the “converted or dismissed” language. See H.R. Conf. Rep. No. 104-378, at 101 (1995). Elsewhere, however, the expectation is expressed in this report that “these fees will apply to all pending Chapter 11 cases with confirmed reorganization plans.” Id. at 82. It is very difficult to read this passage as excluding successful Chapter 11 cases.
The legislative history does not unambiguously resolve the interpretive problem, but it does suggest that the debtors and the courts below focused unreasonably on Congress’s use and omission of bankruptcy terms of art in the revised section. In amending the statute, Congress deleted only five words, and Congress did so with very little discussion in the legislative history. Had Congress intended a complex post-confirmation bifurcation between ultimately successful and unsuccessful plans, we believe some further indication of that intent would exist in the text or in the history. We conclude, therefore, that amended § 1930(a)(6) requires that quarterly fees be paid in all Chapter 11 cases, pre- and post-confirmation, until each ease is closed, converted, or dismissed.
III. CONCLUSION
For the foregoing reasons, we REVERSE the judgment of the district court and REMAND the cases for further disposition consistent with the statutory interpretation expressed above.

. "Conversion," "dismissal,” and "closure" are terms of art employed in the Bankruptcy Code. Under certain circumstances, a case commenced under Chapter 11 may be converted to another *991 chapter by the debtor or by the bankruptcy court, or it may be dismissed by the court. See 11 U.S.C. § 1112. The bankruptcy court orders a case closed after that case has been completed. See 11 U.S.C. § 350.

. But see United States Trustee v. CF & I Fabricators of Utah, Inc. (In re CF & I Fabricators of Utah, Inc.), 150 F.3d 1233, 1236 (10th Cir.1998) (citing with approval In re A.H. Robins Co., 219 B.R. 145, 149 (Bankr.E.D.Va.1998) ("a 'case' no longer exists once it is closed”); Foulston v. Harness (In re Harness), 218 B.R. 163, 165 (D.Kan.1998) ("If a case is closed, we submit it is unreasonable to consider it a case under chapter 11.’"); In re McLean Square Assocs., 201 B.R. 436, 443 (Bankr.E.D.Va.1996) (“The logical conclusion is that when a case is closed, the obligation to pay quarterly fees terminates because the possibility of conversion or dismissal no longer exists. There is no ambiguity here, Congress simply did not state the obvious.”)).

. Like the district court, we do not find that the language of the September 30, 1996 clarifying amendment does much to further clarify this particular issue. Although that amendment provides that fees “shall accrue and be payable ... in all cases,” it remains unclear whether what is meant is all Chapter 11 cases or all Chapter 11 cases that ultimately are dismissed or converted.