NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0416n.06

No. 09-1777

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

In re: KELLY ANN LEWIS,

    Debtor,

_____

STUART A. GOLD, Chapter 7 Trustee,

    Plaintiff-Appellant,

v.

KELLY ANN LEWIS,

    Defendant-Appellee.

_____/

FILED
Jul 12, 2010
LEONARD GREEN, Clerk

On appeal from the United States
District Court for the Eastern District
of Michigan

BEFORE:    MARTIN, RYAN, and KETHLEDGE, Circuit Judges.


RYAN, Circuit Judge.    The defendant, Kelly Ann Lewis, is a debtor who filed a voluntary Chapter 7 bankruptcy petition. The plaintiff, Stuart A. Gold, is the Chapter 7 Trustee for the bankruptcy estate and is contesting Lewis's claim that her interest in a Ford Motor Company employee buyout plan is exempt from bankruptcy proceedings under 11 U.S.C. § 522(d)(11)(E). After both the bankruptcy court and the federal district court ruled in favor of Lewis, the Trustee appealed to this court. We will affirm the bankruptcy court's judgment for Lewis.

## I.

Lewis is a former Ford Motor Company employee and member of the United Auto Workers union.  In September 2006, Ford and the union agreed to eight different buyout options for Ford-UAW workers who wished to terminate their employment at Ford.  One of the options was the Educational Opportunity Program (EDOPP), under which a participant would receive, for up to four years, tuition reimbursement of up to $15,000 per year, health care benefits, and an annual living expense stipend equal to 50% of the participant's annualized straight-time hourly wage at the time of termination after leaving Ford.  If an EDOPP participant decided to leave the program at any time, the participant could choose to receive a payment equal to the amount offered under the Special Termination of Employment Program (STEP), minus the cost incurred by Ford for the participant's enrollment in the EDOPP.  The amount offered under the STEP is $100,000.

On November 27, 2006, Lewis signed an "Application and Waiver Agreement," in which she agreed to the terms and conditions of the EDOPP and voluntarily terminated her employment with Ford, thereby waiving all her rights to future earnings, pension benefits, unemployment compensation, and UAW member benefits.  The written agreement also specifically stated that Lewis was physically able to work and suffered from no disabilities precluding her from her earlier employment.

On March 19, 2008, Lewis filed a voluntary Chapter 7 bankruptcy petition.  By that time, she had received $11,201.55 in tuition, books, and fees under the EDOPP.  She had also received one stipend payment of $27,622.40.  Following the filing of her bankruptcy petition, she received a second stipend payment of $27,622.40.  In addition, Lewis may be

entitled to a final payment under the STEP if her participation in the EDOPP was terminated, but that question is not before us.

After Lewis claimed that her interest in the EDOPP was exempt from the bankruptcy proceedings and the Trustee filed objections to Lewis's exemption claim, the bankruptcy court held hearings on the objections. On November 7, 2008, the bankruptcy court ruled that Lewis's interest in the EDOPP was exempt under 11 U.S.C. § 522(d)(11)(E). The Trustee appealed the bankruptcy court's decision to the federal district court.

On May 21, 2009, the district court issued an order affirming the bankruptcy court's judgment. The Trustee appealed the district court's decision to this court.

## II.

We review a bankruptcy court's legal conclusions under a <u>de novo</u> standard of review. <u>Parker v. Goodman (In re Parker)</u>, 499 F.3d 616, 620 (6th Cir. 2007). Moreover, this court is not "bound by the district court's legal determinations," but directly reviews the decision of the bankruptcy court. <u>Stamper v. United States (In re Gardner)</u>, 360 F.3d 551, 557 (6th Cir. 2004).

## III.

The bankruptcy court ruled that Lewis's interest in the EDOPP is exempt under 11 U.S.C. § 522(d)(11)(E), which states the following:

**(d)**    The following property may be exempted . . . :

. . . .

**(11)**    The debtor's right to receive, or property that is traceable to–

. . . .

> **(E)** a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

11 U.S.C. § 522(d)(11)(E).

When interpreting a statute, we begin by considering the statute's plain language and we must enforce the statute "'according to its terms.'" United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989) (quoting Caminetti v. United States, 242 U.S. 470, 485 (1917)). "The court must look beyond the language of the statute, however, when the text is ambiguous or when, although the statute is facially clear, a literal interpretation would lead to internal inconsistencies, an absurd result, or an interpretation inconsistent with the intent of Congress." Vergos v. Gregg's Enters., Inc., 159 F.3d 989, 990 (6th Cir. 1998).

The Trustee argues that the bankruptcy court incorrectly ruled that Lewis's interest in the EDOPP is "a payment in compensation of loss of future earnings." 11 U.S.C. § 522(d)(11)(E). The Trustee argues that the statute is ambiguous because "loss of future earnings" is a legal term used in tort cases necessarily involving a loss of earning capacity due to a bodily injury. The Trustee urges the court to consider the legislative history of the statute.

We find that the language of the statute is clear and unambiguous. Subparagraph (d)(11) lists a total of five types of benefits which are exempt: (A) reparation benefits; (B) death benefits; (C) life insurance; (D) a payment "on account of personal bodily injury"; and (E) "a payment in compensation of loss of future earnings." 11 U.S.C. § 522(d)(11). In the statute, the word "or" clearly separates subsection (E) from subsection (D), which refers

to a bodily injury.  Based on the unambiguous language of the statute, and contrary to the interpretation of the Trustee, we conclude that the legislature has not tied the loss of future earnings to a bodily injury.  The statute's plain language is clear and leads to no internal inconsistencies.  Because the statute is clear and unambiguous, we therefore need not "look beyond the language of the statute" to the statute's legislative history.  Vergos, 159 F.3d at 990.

By agreeing to the terms and conditions of the EDOPP, Lewis received a payment in exchange for waiving her right to all future earnings with Ford.  This was a payment in compensation of loss of future earnings.  Consequently, Lewis's interest in the EDOPP is exempt from bankruptcy proceedings pursuant to 11 U.S.C. § 522(d)(11)(E).

**IV.**

For the reasons above, we **AFFIRM** the judgment of the bankruptcy court.