**Corey MOYER, Plaintiff,**

v.

**SHOWBOAT CASINO HOTEL, ATLANTIC CITY, Defendant.**

**No. CIV. A. 98–4803 (JEI).**

United States District Court, D. New Jersey.

July 29, 1999.

Law Office of Anthony J. Brady, Jr. by Anthony J. Brady, Jr., Voorhees, NJ, for Plaintiff.

Cooper Perskie April Niedelman Wagenheim & Levinson, P.A. by Russell L.

Lichtenstein, Atlantic City, NJ, for Defendant.

## OPINION

IRENAS, District Judge.

Defendant Atlantic City Showboat, Inc., doing business as Showboat Casino Hotel, ("Showboat" or "defendant") owns and operates a casino at 801 Boardwalk Ave., Atlantic City, New Jersey. The plaintiff, Corey Moyer ("Moyer" or "plaintiff") is confined to a wheelchair as a result of a disability. On October 23, 1998, Moyer filed a complaint against Showboat alleging that Showboat's failure to provide wheelchair access to certain games of chance violates the Americans with Disabilities Act ("ADA") and the New Jersey Law Against Discrimination ("NJLAD").

On July 8, 1999, pursuant to Federal Rule of Civil Procedure 12(b)(1), Showboat filed the instant motion to dismiss for lack of subject matter jurisdiction. Showboat argues that Title III of the ADA requires a party to exhaust their administrative remedies as a prerequisite to filing a civil suit, and, therefore, the plaintiff's ADA claim should be dismissed for failure to exhaust administrative remedies. Defendant argues that absent jurisdiction over the plaintiff's federal cause of action, the remaining state law claim should also be dismissed. Because this Court finds that the plain meaning of Title III does not require administrative exhaustion, defendant's motion to dismiss is denied.

## BACKGROUND

On September 23, 1998, the plaintiff entered the Showboat Casino in order to participate in blackjack gambling and other games of chance. Because of plaintiff's confinement to a wheelchair, as a result of a disability, the plaintiff was unable to participate in certain games of chance. The plaintiff claims that the situation was exacerbated when Showboat closed the blackjack table at which he was wagering since it was the only handicapped accessible blackjack table.[1] After the table was closed, the plaintiff was unable to continue gambling. The plaintiff also argues that the Showboat's building is not in compliance with federal regulations under Title III of the ADA.

The defendant does not admit or deny the plaintiff's allegations. Rather, on July 8, 1999, the defendant moved this Court to dismiss the complaint for lack of subject matter jurisdiction.

## STANDARD

A district court may grant a motion to dismiss for lack of subject matter jurisdiction based on the plaintiff's failure to exhaust a required administrative remedy only if it undisputed that there has been no attempt to exhaust the administrative remedy. *See Robinson v. Dalton,* 107 F.3d 1018, 1021 (3d Cir.1997) ("A district court may rule on a Rule 12(b)(1) motion when on the face of the pleadings it is clear that administrative remedies have not been exhausted, but this rule is 'inapplicable to the resolution of disputed issues of material fact with respect to the applicability of statutes of limitations' ") (citations omitted).

Unlike a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), in a motion to dismiss for lack of subject matter jurisdiction, no presumption of truthfulness attaches to the allegations in the complaint. *See Mortensen v. First Federal Savings & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977). Additionally, the court may consider matters outside the pleadings such as affidavits and other material properly before the court. *See id.* "[T]he existence of disputed material facts will not preclude the trial court from evaluat-

---

1. Handicapped tables are lower than normal tables in order to compensate for the wheel-

chair height.

ing for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen,* 549 F.2d at 891.

## DISCUSSION

### A.

Title III of the ADA prohibits places of public accommodation from discriminating against individuals on the basis of their disability. This includes discrimination which obstructs a disabled person from sharing the "full and equal enjoyment" of the services and facilities offered at the public place. 42 U.S.C. § 12182(a).

A violation under Title III can be based on the "failure to make reasonable modifications in policies, practices, or procedures, when such procedures are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...." 42 U.S.C. § 12182(b)(2)(A)(ii). Moreover, if removal of an architectural or structural barrier is not readily achievable, the statute defines discrimination to include the failure to "make such goods, services, facilities, privileges, advantages, accommodations available through alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(v).

The defendant's instant motion to dismiss rests on the claim that Title III of the ADA requires exhaustion of administrative remedies before a plaintiff may file a civil suit. The Plaintiff contends that Title III of the ADA does not require administrative exhaustion. This dispute stems from differing interpretations of the enforcement provision of Title III of the ADA.

### B.

Instead of drafting a separate enforcement provision for Title III of the ADA, Congress chose to borrow from the Title II of the Civil Rights Act of 1964. 42 U.S.C. § 12188 provides that the "remedies and procedures set forth in § 2000a–

3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter...."

Section 2000a–3(a) of Title 42 provides that an aggrieved person may seek injunctive relief to terminate or prevent the discrimination prohibited under Title II. However, in the context of Title II, Section 2000a–3(a) is limited by section 2000a–3(c) which requires an aggrieved party to first seek relief from the appropriate state or local body before filing a federal law suit, if a state or local law prohibits the same discriminatory act or practice prohibited by federal law.

It is undisputed that the NJLAD prohibits the same discriminatory conduct as Title III of the ADA. N.J.S.A. 10:5–12(f)(1) prohibits "any owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation directly or indirectly to refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof...." Therefore, the defendant argues that 42 U.S.C. § 2000a–3(c) requires the Plaintiff to first seek relief from the New Jersey Division of Civil Rights before filing this suit.

### C.

The Plaintiff disputes Defendant's interpretation of section 12188 and argues that the ADA enforcement provision explicitly adopts § 2000a3(a) only and that the administrative exhaustion provision of § 2000a–3(c) is inapplicable to Title III cases brought pursuant to the ADA. The Third Circuit has not yet addressed this issue, and the Courts that have addressed the issue have produced split opinions. *Compare Guzman v. Denny's, Inc.,* 40 F.Supp.2d 930, 934 (S.D.Ohio 1999) ("To hold that the entirety of § 2000a–3 is adopted is to impermissibly render super-

fluous the explicit textual reference to § 2000(a)–3(a)"); *Botosan v. Fitzhugh,* 13 F.Supp.2d 1047, 1050 (S.D.Cal.1998) ("By its clear, express terms, the ADA adopts only § 2000a–3(a), which says nothing about exhausting administrative remedies"); *Lewis v. Aetna Life Insurance Co.,* 993 F.Supp. 382, 387 (E.D.Va.1998) ("For claims brought under ADA Title I, there is an administrative exhaustion requirement which would toll the statute. However, for Title III claims, there is no exhaustion requirement"); *Doukas v. Metropolitan Life Ins. Co.,* No. CIV. 4–478–SD, 1997 WL 833134 (D.N.H. Oct.21, 1997) ("the court assumes that Congress's reference to paragraph (a) excludes paragraph (c)"); *Bercovitch v. Baldwin Sch.,* 964 F.Supp. 597, 604 (D.Puerto Rico 1997) *rev'd on other grounds,* 133 F.3d 141 (1st Cir.1998) ("Given that Congress specifically referred to § 2000a–3(a) when outlining the available remedies under Title III, we believe that, had it wanted to make written notice to state authorities a requirement under this title, it would have explicitly done so") *with Burkhart v. Asean Shopping Center, Inc.,* 55 F.Supp.2d 1013, ——, 1999 WL 482302, at *4 (D.Ariz. 1999) ("because § 2000a–3(c) sets forth notice requirements for parties who like ADA claimants have been harmed by discrimination albeit based on race or gender rather than disability, it is plausible to conclude that Congress intended the same notice requirement to apply to both groups"); *Snyder v. San Diego Flowers,* 21 F.Supp.2d 1207, 1210 (S.D.Cal.1998) ("Although reasonable judges could reach different results on this question, this Court holds that 42 U.S.C. § 12188(a) does incorporate the requirements of 42 U.S.C. § 2000a–3(c) for civil actions under the ADA"); *Mayes v. Allison,* 983 F.Supp. 923, 925 (D.Nev.1997) ("keeping with legislative intent .... we hold that 42 U.S.C. § 2000a–3(c) applies in this case"); *Howard v. Cherry Hills Cutters, Inc.,* 935 F.Supp. 1148, 1149 (D.Colo. 1996) ("any claim for injunctive relief under Subchapter III of the ADA must comply with the applicable state law exhaustion requirement set forth in 42 U.S.C. § 2000a–3(c)").

■ This Court agrees with those Courts that have found that a party is not required to exhaust state administrative remedies before filing a civil suit under Title III of the ADA. This decision stems from traditional tenets of statutory construction which suggest that the ADA does not incorporate the administrative exhaustion requirements of § 2000a–3(c).

All questions of statutory construction must start with the plain language of the text itself. The "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.,* 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997); *see also United States v. Robinson,* 167 F.3d 824, 830 (3d Cir.1999) ("Where, as here, Congress' language is 'plain and unambiguous,' we simply apply the language of the statute as written") (citations omitted). This inquiry "must cease if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'" *Robinson,* 519 U.S. at 340, 117 S.Ct. 843 (citing *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)).

This Court finds that the language of 42 U.S.C. § 12188 is clear and unambiguous and should be given its plain meaning. The statute incorporates § 2000a–3(a) only and not the rest of section 2000a–3. To find that Congress intended to adopt the entirety of § 2000a–3 would violate the rules of statutory construction by impermissibly rendering superfluous the explicit textual reference to § 2000a–3(a). *See Idahoan Fresh v. Advantage Produce, Inc.,* 157 F.3d 197, 202 (3d Cir.1998) ("In interpreting a statute, courts should endeavor to give meaning to every word which Congress used and therefore should avoid an interpretation which renders an element of the language superfluous").

To find that Congress intended to include the remaining subsections of 2000a–3 by specifying only –3(a) flies in the face of settled cannons of statutory construction. "The canon of expressio unius est exclusio alterius means that explicit mention of one thing in a statute implies a congressional intent to exclude similar things that were not specifically mentioned." *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir.1998). If Congress had intended to include the exhaustion requirement of section 2000a–3(c) in Title III of the ADA, Congress would not have specified –3(a). Therefore, the plaintiff was not required to exhaust administrative remedies by filing a complaint with the New Jersey Division of Civil Rights before instituting this action.

Because this Court finds that the plain meaning of the statute is clear and unambiguous and does not require administrative exhaustion, it is unnecessary to inquire into the legislative history of 42 U.S.C. § 12188.

## CONCLUSION

For the reasons stated above, this Court finds that the plaintiff was not required to exhaust administrative remedies prior to filing the instant claim against the defendant. Therefore, defendant's motion to dismiss is denied. An appropriate order will be issued on an even date herewith.