**Don WYATT, Plaintiff,**

**v.**

**Newell L. LILJENQUIST, an individual and also as Trustee of the Liljenquist Trust dated December 15, 1970; Ruth G. Liljenquist, an individual; and Does 1 to 10, Defendants.**

**No. SACV00122DOC(EEX).**

United States District Court, C.D. California.

May 3, 2000.

Mark D. Potter, Russell C Handy, San Diego, CA, for Don–Wyatt, plaintiff.

Tod M Castronovo, Even Crandall Wade Lowe & Gates, Woodland Hills, CA, for Tod M Castronovo, for Newell L Liljenquist, Ruth G Liljenquist, defendants.

### ORDER

CARTER, District Judge.

**DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND GRANTING DEFENDANTS' MOTION TO DISMISS THE FOURTH COUNT OF THE COMPLAINT**

This matter comes before the Court on Defendants' Federal Rule of Civil Procedure 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction and Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss the Fourth Count. After consideration of the moving and responding papers, the Court DENIES Defendants' 12(b)(1) Motion to Dismiss and GRANTS Defendants' 12(b)(6) Motion to Dismiss the fourth cause of action.

### I. Facts

Plaintiff, a person with a disability who requires use of a wheelchair, brought this action for Defendants' failure to remove architectural barriers at the Tuskatella Shopping Center in Orange, California. Defendants are the owners and operators of retail outlets located at 1301 East Katella Avenue, Orange, California. Plaintiff contends that such barriers, which consist of the absence of handicapped parking and a ramp, violate Title III of the Americans with Disabilities Act (hereinafter "ADA") as they limit accessibility. *See* 42 U.S.C. § 12181 *et seq.* Plaintiff brought this action on February 3, 2000 for damages and injunctive relief for Defendants' failure to provide equal access to the physically disabled at its public accommodations.

### II. Analysis

#### A. Subject Matter Jurisdiction

Under Rule 12(b)(1), a defendant may seek to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). The party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). Federal courts possess federal question jurisdiction over "any civil action arising under the Constitution, laws, or Treaties of the United States." 28 U.S.C. § 1331. To determine whether a federal question is presented, a court must examine the literal language of the complaint as well as "whether federal jurisdiction would exist under a properly pleaded complaint." *Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, Inc.,* 159 F.3d 1209, 1212 (9th Cir.1998).

The ADA, which prohibits discrimination in public accommodations on the basis of disability, incorporates some of the remedies and procedures of Title VII of the Civil Rights Act of 1964. The ADA specifically provides that "[t]he remedies and procedures set forth in *section 2000a–3(a)* of [Title VII] are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability ..." 42 U.S.C. § 12188(a)(1) (emphasis added).

Section 2000a–3(a) provides that an aggrieved person can bring "a civil action for preventive relief." 42 U.S.C. § 2000a–3(a). In ordinary Title VII actions, however, an aggrieved person must first exhaust his or her administrative remedies before filing a civil action. *See* 42 U.S.C. § 2000a–3(c) (stating that "[i]n the case of an alleged act or practice prohibited by this subchapter which occurs in a State ... which has a ... law prohibiting such act or practice ... no civil action may be brought ... before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority ...").

Defendants' 12(b)(1) motion to dismiss for lack of subject matter jurisdiction rests on the claim that the ADA requires exhaustion of administrative remedies and 30 day notice before a plaintiff may file a civil suit. Plaintiff counters that the ADA does not impose an administrative exhaustion or notice requirement. The issue before the Court is one of statutory construction of Title III of the ADA. *See* 42 U.S.C. §§ 12188(a)(1), 2000a–3(a). The Court finds that Section 12188(a)(1) is not ambiguous, should be given its clear meaning and clearly refers the reader to only § 2000a–3(a) of Title VII.

 To conduct its statutory analysis, the Court looks to (1) any binding authority, (2) if there is no binding authority, the plain language of the statute, and (3) if the language is ambiguous, the legislative history. *See Tello v. McMahon*, 677 F.Supp. 1436, 1440–42 (E.D.Cal.1988). First, there is no controlling law in the Ninth Circuit on this issue. *See Burkhart v. Asean Shopping Center, Inc.*, 55 F.Supp.2d 1013, 1015 (D.Ariz.1999). District courts that have addressed this issue have produced split opinions. *Compare Mayes v. Allison*, 983 F.Supp. 923 (D.Nev.1997) *with Botosan v. Fitzhugh*, 13 F.Supp.2d 1047 (S.D.Cal.1998). Some federal courts have held that plaintiffs are required to comply with Section 2000a–3(c) and others have held that the ADA enforcement provision explicitly adopts. Section 2000a–3(a) only.

*See id.* This Court declines to follow case law that incorporates 2000a–3(a) as well as 2000a–3(c) into Section 12188(a)(1) because such cases "engaged in no analysis." *Botosan*, 13 F.Supp.2d at 1050.

Second, the Court finds that the plain language of Section 12188(a)(1) is not ambiguous. The ADA does not purport to adopt Section 2000a–3(c). By its express terms, the ADA adopts only Section 2000a–3(a), which says nothing about notice or exhaustion of remedies. Furthermore, Section 2000a–3(a) makes no reference to subsection (c) and, under the doctrine of *expressio unius est exclusio alterius*, "when a statute enumerates particular subjects [subsection (a)], the court should assume that all those not mentioned [subsections (b) and (c)] are excluded." *Burkhart*, 55 F.Supp.2d at 1015. The unambiguous statutory language of Section 12188(a)(1) defeats Defendants' argument.

Because the plain language of the statute is unambiguous, the Court does not reach the legislative history and finds that the ADA does not incorporate Section 2000a–3(c). Plaintiff did not have to provide Defendants with notice or exhaust his administrative remedies. The Court therefore DENIES Defendants' Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction.

### B. Fourth Cause of Action for Common Law Unfair Competition

██ Dismissal is appropriate under Rule 12(b)(6) when a Plaintiff's allegations fail to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). The Court must accept as true the factual allegations of the complaint and indulge all reasonable inferences to be drawn from them, construing the complaint in the light most favorable to the Plaintiff. *See Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir.1993); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986). The Court must construe the complaint liberally, and dismissal should not be granted unless "it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief." 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed.1990) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *accord Jacobson v. Hughes Aircraft Co.,* 105 F.3d 1288, 1292 (9th Cir. 1997). Dismissal without leave to amend is appropriate only where a court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *See Chang v. Chen,* 80 F.3d 1293 (9th Cir.1996); *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987).

The fourth count alleges that Defendants have engaged in deceptive advertising because their signs fail to advise that their premises are not accessible to the physically disabled. Plaintiff fails to even address Defendants' 12(b)(6) arguments in his opposition papers. Plaintiff's opposition focuses solely on the issue of subject matter jurisdiction. Under Local Rule 7.9, the Court deems Plaintiff's failure to oppose as consent to the granting of the motion. For the foregoing reasons, Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's fourth cause of action for unfair competition is GRANTED without prejudice and with leave to amend within 30 days.

IT IS SO ORDERED